IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TIMOTHY LETT,

        Plaintiff,                                    Case No. 2:26-cv-4

    v.                                             District Judge Algenon L Marbley

                                                     Magistrate Judge Kimberly A. Jolson

UNITED ASSOCIATION OF PLUMBERS
AND STEAMFITTERS, et al.,

        Defendants.

## ORDER AND REPORT AND RECOMMENDATION

Before the Court are several motions filed by Plaintiff (Docs. 1, 3, 6, 7). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's second Motion for Leave to Proceed *in forma pauperis* be **DENIED** (Doc. 6), and his Motion for Extension of Time be **GRANTED** (Doc 7). Additionally, the Court D**ENIES as moot** Plaintiff's first Motion for Leave to Proceed *in forma pauperis* (Doc. 1), and **DENIES without prejudice** his Motion for Preservation of Evidence (Doc. 3).

**I.**    *In Forma Pauperis* **and Extension of Time Motions**

To begin, when Plaintiff filed this action, he sought leave to proceed *in forma pauperis*, (Doc. 1)*. See* 28 U.S.C. § 1915. The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). "Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma*

*pauperis.*" *Motley v. Dream Living LLC*, No. 2:23-CV-3478, 2024 WL 2962791, at *1 (S.D. Ohio June 12, 2024). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339. "Proceeding IFP 'is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court.'" *Carroll v. Onemain Fin. Inc.*, No. 14-CV-14514, 2015 WL 404105, at *2 (E.D. Mich. Jan. 29, 2015) (citation omitted).

In his initial financial affidavit, Plaintiff indicated that he was unemployed. (*Id.* at 1). After observing that he did not provide complete information, the Court ordered Plaintiff to file a revised motion. (Doc. 5). Plaintiff did so, with one important difference on his second form. (Doc. 6). Plaintiff noted that he retained employment, beginning on January 7, 2026, and his take home wages are $3,337.50 per week. (*Id.* at 1). Per month, it seems, Plaintiff will make approximately $13,350. Based on these representations, it is not clear that paying the one-time filing fee would cause Plaintiff to be deprived the necessities of life. *See Adkins*, 335 U.S. at 339. Plaintiff's anticipated monthly income exceeds his anticipated monthly expenses by a wide margin. (*See* Doc. 6 at 2 (listing as expenses two rent payments, two internet payments, an electric payment, two car notes, gas, car insurance, food, and a cellphone bill)). These circumstances do not justify granting Plaintiff *in forma pauperis* status. *Cf. Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be

required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee"). Instead, this "appears to be a case where Plaintiff must 'weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims.'" *Henderson v. Pappas Trucking LLC AG Container*, No. 2:21-CV-2088, 2021 WL 2003986 (S.D. Ohio May 4, 2021) (citation omitted), *report and recommendation adopted*, No. 2:21-CV-2088, 2021 WL 2002408 (S.D. Ohio May 19, 2021).

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 6) be **DENIED**. The Court further **DENIES as moot** his first motion for the same (Doc. 1).

Still, Plaintiff has a request. Referring to the Court's order that he provide a revised *in forma pauperis* affidavit, Plaintiff asks for a "30-day extension to comply with the Court's order or pay the filing fee." (Doc. 7). He states that because he is paid weekly, he anticipates "having the necessary funds and/or a clearer financial picture to meet his obligations to the Court within the next 30 days." (*Id.*). Given that Plaintiff already provided the Court with a "clearer financial picture to meet his obligations" (*see* Doc. 6), the Undersigned construes this as a request to defer payment of the filing fee for 30 days. The Undersigned **RECOMMENDS GRANTING** this request and, if the recommendation that Plaintiff be ordered to pay the filing fee is adopted, Plaintiff should be given 30 days to do so.

Plaintiff is further **ADVISED** that should he be ordered to pay the filing fee, it will be his responsibility to effect service on Defendants.

**II.     Motion for Preservation of Evidence**

The Court now turns to Plaintiff's Motion for Preservation of Evidence. (Doc. 3). Plaintiff asks that Defendants be ordered to "preserve all evidence relevant to this action." (*Id.*). He lists

several categories of documents and data he believes Defendants control. (*Id.* at 2–3). And he further states that "some of the evidence may be subject to routine deletion or alteration." (*Id.* at 2). He claims that a preservation order is necessary to prevent spoliation. (*Id.* at 4).

Generally, "preservation orders are unnecessary because parties to civil litigation have 'a duty to preserve relevant information, including ESI[.]'" *Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016) (citing *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008)). This Court has noted that "preservation orders 'must be premised on a demonstration that a real danger of evidence destruction exists, a lack of any other available remedy, and a showing that the preservation order is an appropriate exercise of the court's discretion.'" *Id.* (citing *John B.*, 531 F.3d at 459). Importantly, the Sixth Circuit cautions that orders to preserve information "should be employed in a very limited set of circumstances." *John B.*, 531 F.3d 448, 459.

Here, Plaintiff has not addressed any of the other relevant considerations. His vague comment "some of the evidence may be subject to routine deletion or alteration," does not show there is a "real danger" of evidence destruction. Consequently, the Court finds that this is not one of the rare circumstances that requires a preservation order. His Motion for Preservation of Evidence (Doc. 3) is **DENIED without prejudice**.

### III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's second Motion for Leave to Proceed *in forma pauperis* be **DENIED** (Doc. 6), and his Motion for Extension of Time be **GRANTED** (Doc 7). Additionally, the Court D**ENIES as moot** Plaintiff's first Motion for Leave to Proceed *in forma pauperis* (Doc. 1), and **DENIES without prejudice** his Motion for Preservation of Evidence (Doc. 3).

IT IS SO ORDERED.

Date: January 13, 2026 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).