**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

TIMOTHY LETT,

      **Plaintiff,**

    **v.**                                                                   **Civil Action 2:26-cv-4**

                                            **Magistrate Judge Kimberly A. Jolson**

UNITED ASSOCIATION OF
PLUMBERS AND STEAMFITTERS,
et al.,

      **Defendants.**

**OPINION & ORDER**

Before the Court is Plaintiff's Motion for a Preliminary Injunction. (Doc 2). The Court need not spend time describing the background giving rise to this action because the Court easily dispenses with the Motion.

Preliminary injunctive relief "is an extraordinary remedy," and the burden to obtain it is high. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Ultimately, Plaintiff must show "that the circumstances clearly demand it." *Id.* (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). The standard to obtain a temporary restraining order or a preliminary injunction are largely the same. *ABX Air, Inc. v. Int'l Bhd. of Teamsters, Airline Div.*, 219 F.Supp.3d 665, 670 (S.D. Ohio 2016). For either, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (collecting cases). The movant must make a "clear showing" on all four factors. *EOG Res., Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 874 (6th Cir. 2025).

Quite simply, Plaintiff's preliminary injunction request does not offer a clear showing as

to the four relevant factors. *Id.* He states he seeks immediate injunctive relief to prevent further retaliation, disciplinary action, or interference with his rights during the pendency of this litigation. (Doc. 2 at 1). And he explains what relief he wants. (*Id.* at 3). But he offers no analysis as to why the likelihood of success, irreparable harm, balance of equities, or public interest weigh in his favor. (*See id.* at 2). In fact, it seems Plaintiff used a form-style motion but did not complete it. For example, under the "likelihood of success" heading, the text reads "(Insert your allegations and evidence.)." (*Id.*). But nothing follows that text. (*Id.*). The same is true for the remaining factors. (*Id.*). Because Plaintiff makes no more than a conclusory effort to demonstrate why he is entitled to a preliminary injunction, his Motion (Doc. 2) is **DENIED**.

Relatedly, Federal Rule of Civil Procedure 11 provides that by presenting a written motion to the Court, an unrepresented party certifies that to the best of his knowledge, information, and belief, the motion is not being presented for any improper purpose, such as to cause unnecessary delay or needlessly increase the cost of litigation. Fed. R. Civ. P. 11(b)(1). Filing form-style motions that Plaintiff makes little to no effort to complete not only causes unnecessary delay and increases the cost of litigation but also wastes judicial resources. Plaintiff is **WARNED** that even though he is *pro se*, the Court will not hesitate to consider sanctions should this behavior continue. *See Lahti v. Consensys Software Inc.*, No. 1:24-CV-183, 2025 WL 2404454, at *3 (S.D. Ohio Aug. 20, 2025) (stating that *pro se* status is not an excuse for leniency under Rule 11, which "applies to unrepresented parties with full force" (citation omitted)).

As a final note, the Court **CAUTIONS** Plaintiff that in every document he files that relies on legal support, he must ensure that each case he invokes exists, that he cites each accurately, and, to the best of his ability, that each contains the propositions of law he claims. He risks sanctions otherwise. *Id.*

IT IS SO ORDERED.

Date: April 22, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

2