**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**TIMOTHY LETT,**

**Plaintiff,**

**v.** **Civil Action 2:26-cv-4**

**Magistrate Judge Kimberly A. Jolson**

**UNITED ASSOCIATION OF PLUMBERS AND STEAMFITTERS, et al.,**

**Defendants.**

**OPINION & ORDER**

Plaintiff's Motion for Relief from the Court's June 15, 2026 Opinion & Order. (Doc. 47) is before the Court. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

On June 15, the Court issued an Opinion and Order fully granting the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada's ("UA") and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, Local 189's ("Local 189") motions to dismiss. (Doc. 45; *see also* Doc. 46). In that Order, the Court summarized Plaintiff's allegations underlying this action, and the Court need not repeat that summary here. (Doc. 45 at 1–3).

One day after the Court dismissed the case, Plaintiff filed the Motion at bar. (Doc. 47). He alleges that newly discovered evidence "proves that Defendants and their legal counsel secured this dismissal by intentionally withholding material evidence, submitting perjured affidavits, and manipulating the Rule 12(b)(6) standard to commit Fraud on the Court." (*Id.* at 1). Primarily, he relies on documents Defendants produced in discovery. (*See generally id.*). As a result, Plaintiff asks that the Court vacate its June 15 Opinion and Order and reopen the case. (*Id.* at 8–9). He also asks that the Court sanction Defendants, refer their legal counsel for formal disciplinary and

ethical review, and hold an evidentiary hearing on the "newly discovered evidence." (*Id.*). Both Defendants oppose the Motion, and this matter is ready for consideration. (Docs. 48, 49, 50, 51, 52).

## II. STANDARD

Plaintiff asks for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) and (3). The Rule provides that the Court "may relieve a party . . . from a final judgment, order, or proceeding" for several reasons including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; and "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2), (3). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (citation omitted). "Accordingly, the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008); *see also Jordan v. Paccar, Inc.*, 97 F.3d 1452 (Table) (6th Cir. 1996).

To succeed on "a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that the newly discovered] evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998) (citation omitted).

For its part, "Rule 60(b)(3) . . . requires a demonstration by the moving party, supported by clear and convincing evidence, that one or more of the three kinds of misbehavior referred to in the rule occurred." *Lester v. Wow Car. Co.*, 675 F. App'x 588, 591 (6th Cir. 2017) (citation omitted). The Sixth Circuit has defined fraud under this Rule as "the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc.*, 538 F.3d at 456 (citation omitted). Fraud includes "deliberate omissions when a response is required by law or when the non-moving party

has volunteered information that would be misleading without the omitted material." *Id.* (citation omitted). To show fraud on the court, the moving party must demonstrate "1) [conduct] on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." *Gen. Med., P.C. v. Horizon/CMS Health Care Corp.*, 475 F. App'x 65, 71 (6th Cir. 2012) (quoting *Johnson v. Bell*, 605 F.3d 333, 339 (6th Cir. 2010)).

## III. DISCUSSION

Construed generously, Plaintiff's Motion submits six grounds for relief from the Court's judgment under Rule 60(b)(2), Rule 60(b)(3), or both. (Doc. 47; *see also* Docs. 50, 51, 52). None are persuasive.

### A. Ground One

Plaintiff first claims the Court's consideration of the UA's constitution and Local 189's bylaws was improper and a byproduct of Defendants' fraud. (Doc. 47 at 2–3). Up front, the Court fully explained why it considered both documents. (Doc. 45 at 4–5). Still, Plaintiff says Defendants advocating for their consideration was where "the fraud crystalized." (Doc. 47 at 2). But because he provides no further explanation, relief from judgment is not warranted for this reason.

### B. Ground Two

Plaintiff next asserts under Rule 60(b)(3) that Defendants "tricked" the Court by inviting it to fact find improperly and "doubt" the "evidence" attached to the pleadings. (Doc. 47 at 2–3). Specifically, he says Defendants impermissibly made arguments attacking the credibility of Plaintiff's pleading and the exhibits attached to it even though Defendants knew them to be true. (*Id.*). In making this averment, Plaintiff does not cite to anything Defendants submitted to the Court relevant to the motions to dismiss, and the Court declines to scour the record to make Plaintiff's argument for him. (*See* Doc. 47 at 3 (not citing Defendants' motions or related briefing);

Doc. 51 at 3–4 (citing only Local 189's response to the Rule 60(b) Motion)). In other words, Plaintiff has not identified Defendants' specific "conduct . . . directed to the judicial machinery itself." *Gen. Med., P.C.*, 475 F. App'x at 71.

But even if Plaintiff had included specific citations to the record, he does not sufficiently explain why attacking the credibility of his pleadings constitutes fraud under Rule 60(b)(3). (*See* Doc. 47 at 3). At best, he submits that Defendants "invited" the Court to doubt the veracity of a self-made audio transcript attached to his Second Amended Complaint. (*Id.*). And in discovery, Defendants produced to Plaintiff a letter from UA's General President that summarized the same audio recording. (*Id.* (citing *id.* at 14–15)). Plaintiff seems to imply that Defendants committed fraud because they did not disclose to the Court this letter that Plaintiff believes confirms his own pleadings. Or, alternatively, Plaintiff suggests that Defendants could not have argued Plaintiff's pleadings were deficient because they possessed the letter.

Plaintiff does not explain why Defendants had a duty to disclose the letter at the motion to dismiss stage. (*See* Doc. 47 at 3; Doc. 51 at 3–4); *cf. Rembisz v. Lew*, 590 F. Appx 501, 504 (6th Cir. 2014) ("[P]resenting evidence is one of the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure."). Importantly, motions to dismiss test the sufficiency of the pleadings only. *Armengau v. Cline*, 7 F. App'x 336, 343 (6th Cir. 2001). Ultimately, "it is the Plaintiff's duty to affirmatively plead his allegations, and if he fails to do so or is unclear in doing so, it is the prerogative of the opposing party to accept the pleadings as they are made." *Mitchell v. Citizen's Bank*, No. 3:10-CV-00569, 2024 WL 1217381, at *3 (M.D. Tenn. Mar. 21, 2024) (citation modified). Plaintiff has not shown Defendants were obligated to go beyond this prerogative or were under a duty to forgo arguments concerning Plaintiff's deficient pleadings.

Even more, Plaintiff fails to demonstrate that the alleged fraud impacted the Court's decision to grant Defendants' motions. *See Sizemore v. Hissom*, No. 2:12-CV-1166, 2014 WL 1411814, at *4 (S.D. Ohio Apr. 11, 2014). He merely asserts that conclusion. (Doc. 51 at 4). Nonetheless, the Court's Opinion and Order shows that in analyzing Defendants' motion to

dismiss arguments, the Court accepted Plaintiff's allegations—including his attached exhibits—as true and construed his Second Amended Complaint generously. (*See, e.g.*, Doc. 45 at 4–5, 8, 11–12, 16). For all these reasons, Plaintiff has not demonstrated the requisite elements of fraud under Rule 60(b)(3) by clear and convincing evidence.

To the extent Plaintiff's Motion can be read as also asserting that this ground supports relief under Rule 60(b)(2), his arguments likewise fail. Even assuming Plaintiff exercised the requisite due diligence, Plaintiff has not shown how the letter from the General President is "*material* relative to a determination on a motion to dismiss, a motion that is confined to the pleadings." *Snyder v. Vill. of Luckey*, No. 3:22 CV 2282, 2024 WL 2882109, at *3 (N.D. Ohio June 7, 2024) (emphasis in original), *aff'd*, No. 24-3530, 2025 WL 3269361 (6th Cir. Nov. 24, 2025); *see also Armengau*, 7 F. App'x at 343 ("[W]hen deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings."). Indeed, the Court's consideration of the record on a motion to dismiss is limited to the pleadings and written instruments attached to or incorporated within them. *See, e.g.*, *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020); *Smith v. City of Barberton*, No. 1:20-cv-584, 2021 WL 752595, at *3 (N.D. Ohio Feb. 26, 2021); *Blesedell v. Chillicothe Tel. Co.*, No. 2:13-CV-451, 2013 WL 6096329, at *2 (S.D. Ohio Nov. 19, 2013). The letter was not part of the Second Amended Complaint. (*See* Doc. 36). The Court could not have properly considered this discovery even if Defendants had disclosed it in their motions or if Plaintiff had attached it to his responses in opposition. *See Bates*, 958 F.3d at 483 (noting the rule that courts must focus only on the allegations in the pleadings when considering a motion to dismiss "applies just as much when the plaintiff attaches evidence to its opposition as when (as is more common) the defendant attaches evidence to its motion"). In other words, the letter was not material and would not have clearly produced a different result if presented before the Court ruled on Defendants' motions to dismiss. *Cf. Grider v. Irvin*, No. 106CV-53-R, 2007 WL 2344939 (W.D. Ky. Aug. 13, 2007) (finding new factual material would not have changed pleading deficiencies). As such, relief under Rule 60(b)(2) is not appropriate

here either.

In the end, the Sixth Circuit is clear that "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001); *see also Harris v. Citizens Bank*, No. 3:20 CV 2054, 2021 WL 4307111, at *1 (N.D. Ohio Mar. 3, 2021) ("Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial complaint"). This appears to be what Plaintiff asks the Court to allow. The Court declines to do so.

**C. Grounds Three, Four, and Five**

Plaintiff's next three arguments are similar. In each, he says Defendants "tricked" the Court into dismissing claims because they did not disclose certain documents they subsequently produced to Plaintiff in discovery. (Doc. 47 at 3–7 (citing again to the UA General President's letter, dispatch database logs, responses to interrogatories, a letter from a UA administrative assistant to Plaintiff, and two emails from a UA representative to Business Manager McHale)). Plaintiff asserts that this "fraud" led the Court to dismissing his free speech, due process, ratification, and breach of contract claims. (*Id.*). The Court again declines to grant Plaintiff relief under either Rule 60(b)(2) or 60(b)(3).

Concerning fraud, for the same reasons as before, Plaintiff has not shown by clear and convincing evidence that Defendants had a duty to disclose any of the discovery at issue at the motion to dismiss stage. Rather, Defendants' duty on a motion to dismiss was to take Plaintiff's allegations as true without reference to material outside of the pleadings. *Mitchell*, 2024 WL 1217381, at *3. Further, to the extent that Plaintiff argues fraud exists because he interprets some of Defendants' discovery documents as contradicting each other (*see, e.g.*, Doc. 47 at 5 (saying an interrogatory response contradicts a dispatch log, demonstrating "perjury")), those documents were not "directed to the judicial machinery" nor could they have deceived the Court. *Gen. Med., P.C.*, 475 F. App'x at 71. Finally, Plaintiff's attempts to bolster his fraud allegations by presenting

factual and legal theories that are found nowhere in his Second Amended Complaint or the briefing related to the motions to dismiss are not well-taken. (*See, e.g.*, Doc. 47 at 4 (arguing his conversation with Business Manager McHale was an attempt to expose embezzlement)). As noted, a Rule 60(b) motion does not gift Plaintiff with a "second chance to convince the court to rule in [his] favor by presenting new explanations, legal theories, or proof." *Jinks*, 250 F.3d at 385.

Also, for the same reasons as above, neither has Plaintiff demonstrated under Rule 60(b)(2) that the discovery at issue is material, controlling, and clearly would have produced a different result if presented to the Court. The Court could not have considered any of this discovery at the motion to dismiss stage—no matter if the documents were attached to Defendants' motions or Plaintiff's responses in opposition. *See, e.g.*, *Bates*, 958 F.3d at 483. At base, Plaintiff fundamentally misunderstands what the Court does and does not consider when evaluating a motion to dismiss. The Court dismissed Plaintiff's claims based on findings of law, not findings of fact. His misunderstanding does not justify relief from the result.

**D. Ground Six**

Lastly, Plaintiff asserts that Local 189 committed fraud by "fabricat[ing]" a "mootness defense" in their motion to dismiss. (Doc. 47 at 5–6). Essentially, he submits Local 189 fooled the Court by arguing Plaintiff's claims were moot because it advised him via letter in September 2025 that he no longer had restrictions on his referral rights. (Doc. 47 at 5–6). Plaintiff says this "defense" is undercut by a shipping slip showing Local 189 sent the letter to a physical address where Plaintiff did not receive mail. (*Id.*). And Local 189 purposefully concealed the fact that Plaintiff did not receive the letter. (*Id.*).

The Court did not reach the mootness arguments Local 189 presented in its motion to dismiss. (*See generally* Doc. 45). So even to the extent Plaintiff could show the first four elements of fraud, he cannot show the Court was deceived.

***

Ultimately, Plaintiff has not shown by clear and convincing evidence that the Court must

grant him relief from judgment either because of newly discovered evidence or fraud on the Court. For this reason, sanctions against Defendants or Defendants' counsel are not justified. This case remains closed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief from the Court's June 15, 2026 Opinion & Order is **DENIED**. (Doc. 47).

IT IS SO ORDERED.

Date: August 10, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE